IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19-CV-890-WHA |
| ) | [WO] |
| U.S. DISTRICT MIDDLE GEORGIA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* petition for habeas relief under 28 U.S.C. § 2241. Doc. # 1. Petitioner appears to challenge his current incarceration on grounds that the Georgia sentences under which he is incarcerated have expired. Doc. # 1 at 1. Despite Petitioner's labeling of his petition as one for habeas relief under 28 U.S.C. § 2241, his proper avenue of relief for challenging his confinement under sentences imposed by the State of Georgia is through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996). Federal law allows this court to construe this petition as a § 2254 petition. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Based on Petitioner's claims, the court finds his petition should be construed as one for habeas relief under 28 U.S.C. § 2254. Upon consideration of the § 2254 petition, the court concludes it should be dismissed for lack of jurisdiction.

## II. DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). By this statute, a petition for writ of habeas corpus under § 2254 must be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

As previously stated, Petitioner is incarcerated in the Sumter County Jail in Americus, Georgia, a facility not located within the jurisdiction of this court. Instead, the jail is located within the jurisdiction of the United States District Court for the Middle District of Georgia. The prison sentences Petitioner references in his petition were imposed by a state court in Wilcox County, Georgia. Wilcox County is located within the jurisdiction of the United States District Court for the Middle District of Georgia. Plainly, this court, which sits in the Middle District of Alabama, lacks jurisdiction over Petitioner's § 2254 petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. However, the undersigned finds that

the interest of justice does not warrant transfer of this case to the United States District Court for the Middle District of Georgia.[1] Instead, the petition should be dismissed for lack of jurisdiction.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED for lack of jurisdiction.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 4, 2019.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

---

[1] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia.  *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M.D. Ga. 2019) (Doc. # 5) (sanctioning Cobble from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.").

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*).  See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 20th day of November, 2019.

                       /s/  Charles S. Coody
                       CHARLES S. COODY
                       UNITED STATES MAGISTRATE JUDGE